**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD RILEY; PAMELA RILEY; VICTORIA BASSETT,<br><br>    Plaintiffs,<br><br> v.<br><br>MODESTO IRRIGATION DISTRICT; LOUIS MACEIRA; MODESTO POLICE DEPARTMENT; CITY OF MODESTO, and Does I-C, inclusive,<br><br>    Defendants. | CV F 10 - 2281 AWI GSA<br><br>MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR LEAVE TO AMEND<br><br>Document #'s 14 and 17 |

    This is a civil rights action for damages by plaintiffs Richard Riley, Pamela Riley and Victoria Bassett (collectively "Plaintiffs") against the Modesto Irrigation District ("MID") and individual MID employee Louis Maceira (collectively, the "MID Defendants") and the Modesto Police Department and City of Modesto (collectively the "Police Defendants"). Two motions are currently before the court. On January 2, 2011, the MID Defendants filed a motion to dismiss the complaint as to them pursuant to Rule 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. While that motion was pending, Plaintiffs moved to amend the complaint pursuant to Rule 15(a)(2). For the reasons that follow, the court will grant the motion to amend, and deny Defendants' motion to dismiss as moot. Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331. Venue is proper in this court.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

For purposes of the motions now before the court, the facts of this case are reasonably straightforward. Plaintiffs reside in a home in Modesto that receives electrical service from MID. On or about December 1, 2009, it came to the attention of MID employees that a larger-than-expected amount of electrical current was being delivered to Plaintiffs' residence and that a substantial amount of the current that was being delivered to the residence was not being metered. There allegedly arose a suspicion on the part of the MID Defendants that current was being "stolen," possibly or presumably for purposes of illegal indoor marijuana cultivation. MID reported the atypical consumption to Modesto Police who placed Plaintiffs' residence under surveillance at MID's "urging and request." Doc. #1 at 5:3. Plaintiffs allege that, although the surveillance revealed no evidence of wrongdoing, MID employee Maceira, on behalf of MID demanded "aggressive action" by Modesto Police Department ("MPD") on the belief that the atypical consumption of electricity at Plaintiffs' residence likely was caused by an indoor marijuana growing enterprise. Plaintiffs allege MID did not inform MPD that the excess consumption of electricity could be caused by faulty equipment, which could easily have been checked.

Plaintiffs allege that MID and MPD jointly decided to conducted a "narcotics raid" on Plaintiffs' residence. The "raid" was conducted pursuant to a search warrant on December 17, 2009. Plaintiffs allege that the only fact set forth to establish probable cause was the fact of larger-than-expected electrical consumption at the residence. Plaintiffs allege that the search was commenced while Plaintiffs Pamela Riley and Victoria Bassett were still asleep. Plaintiffs allege the MPD used essentially "SWAT" tactics; that the door was kicked in, the house ransacked and the two female residents were shackled and held incommunicado during the "raid." No contraband items were found. It was later determined that the excess electrical flow was caused by a malfunction in MID equipment.

The original complaint was filed on December 8, 2010. Defendants' motion to dismiss

was filed on January 3, 2011.  Plaintiffs' opposition to the motion to dismiss was filed on January 28, 2011, and consisted of only a statement of intent to file an amended complaint.  Plaintiffs' First Amended Complaint ("FAC") was filed the same day.  Presumably, Plaintiffs later realized that their FAC was filed three days beyond the 21-day limit imposed by Rule 15(a)(1) for the filing of an amended pleading as a matter of right prompting them to file their motion for leave to amend the complaint on February 11, 2011.  The MID Defendants filed their opposition to Plaintiffs' motion to dismiss on March 18, 2011.

## DISCUSSION

Currently before the court are an original complaint, Defendants' motion to dismiss the original complaint as to the MID Defendants, a motion to amend the complaint, a proposed FAC, and opposition to the motion to amend.  Defendants' opposition to Plaintiffs' motion to amend argues the court should deny the motion to amend on the ground of futility but then invites the court, should it grant leave to amend, to essentially convert Defendants' opposition to the motion for leave to amend to a motion to dismiss pursuant to Rules 12(b)(6) and 12(b)(1).  For the reasons that follow, the court will grant Plaintiffs' motion to amend, will accept Plaintiffs' proposed FAC  and will deny Defendants' motion to dismiss as moot.  The court will decline Defendants' invitation to dismiss Plaintiffs FAC under Rules 12(b)(6) or 12(b)(1) because consideration of such motion would be procedurally improper at this time.

As previously noted, Rule 15(a)(1)(B) permits amendment of a pleading once as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Id.  Plaintiffs waited 24 days after the filing of Defendants' motion to dismiss to file their amended complaint and were therefore three days late from the deadline to file an amended complaint as a matter of course.  District courts have discretion to grant leave to amend "when justice so requires."  Rule 15(a); Gordon v. City of Oakland, 627 F.3d 1092, 1094( (9th Cir 2010).  "Leave to amend should be granted unless the district court

1  'determines that the pleading could not possibly be cured by the allegation of other facts.'
2  [Citation.]" <u>Kappenberger v. City of Phoenix</u>, 566 F.3d 936, 942 (9th Cir. 2009) (quoting
3  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir.2000)).

4        Defendants' primary contention with regard to Plaintiffs' motion to amend is that
5  further amendment of the complaint would be futile.  Defendants contend that, because the
6  MID Defendants were not authorized under state law to commit the acts complained of – that
7  is, to authorize or participate in searches or seizures of persons or property – they could not
8  have acted "under color of law" within the meaning of 42 U.S.C. § 1983.  Because futility of
9  amendment is tied to what the pleading party *could* allege, not what it did allege, the question
10 is whether any set of facts could be alleged that would result in liability for the MID
11 Defendants.   The answer is that such a set of facts clearly may well exist and there is nothing
12 before the court at this time to indicate that such a set of facts cannot be alleged or proven.

13       "Suit may be brought against private citizens under section 1983 if a conspiracy is
14 established between them and the state or local officials who clearly acted under color of state
15 law."  <u>Gillibeau v. City of Richmond</u>, 417 F.2d 426, 430 (9th Cir. 1969).

16       A conspiracy claim brought under section 1983 requires proof of "'an
   agreement or meeting of the minds to violate constitutional rights,'" [. . .] and
17 an actual deprivation of constitutional right [. . ..] To be liable, each participant
   in the conspiracy need not know the exact details of the plan, but each
18 participant must at least share the common objective of the conspiracy."

19 <u>Quezada v. Herrera</u>, 2011 WL 794813 (E.D. Cal. 2011) at *3 (internal citations omitted).

20       Plaintiffs' FAC ties Defendant Maceira to the events giving rise to their claims by
21 alleging the existence of a conspiracy between him and the Modesto Police Defendants.
22 Again, the issue important to the court's decision is not whether the FAC sufficiently allege a
23 conspiracy, the important is whether there is a set of facts under which a conspiracy *could* be
24 alleged.  Defendants present no argument to support the finding that no set of facts exist under
25 which the MID Defendants cold be found to have conspired with the Police Defendants to
26 conduct an unconstitutional search and seizure.

4

In a similar vein, county or municipality can be liable under section 1983 if a policy, practice or custom can be shown to exist that caused the plaintiff's injuries. <u>Otani v. City and County of Hawaii</u>, 126 F.Supp.2d 1299, 1304 (D. Hawaii 1998).  While the court is not presently aware of the relationship between MID and any county or state institutions, the court is not in a position to conclude at this point that Plaintiffs cannot allege facts that would connect the conspiracy that Maciera was alleged to have participated in to policies, customs or procedures of MID.

Defendants suggest that, if the court finds that denial of the motion to amend is not appropriate, the court should allow the amendment and then dismiss the amended complaint pursuant to Rule 12(b)(6) and/or Rule 12(b)(1).  There are two reason why the court must decline Defendants' invitation to convert their opposition to the motion to amend into a motion to dismiss.  First, the only substantive argument put forward by Defendants for dismissal is the same argument the court found meritless in the context of their opposition to the motion to amend – that the MID Defendants cannot be sued because they lack legal authority to carry out the acts complained of and therefore could not have acted under color of law.  Plaintiffs' FAC does allege conspiracy and Defendants' arguments in favor of dismissal do not adequately address the fact that the MID Defendants could be held liable if a conspiracy was adequately alleged and proven.  Second, as a practical matter the court cannot give consideration to a motion to dismiss without permitting another round of opposition and reply; a process that is not significantly less cumbersome than denying the motion to dismiss the original complaint as moot and starting over.

The court emphasizes that, in granting leave to amend and accepting the proposed FAC, the court does not mean to suggest that it has made any determination that the FAC alleges claims for relief with sufficient specificity to withstand a motion to dismiss under Rule 12(b)(6) or under Rule 8(a).  The courts' grant of leave to amend and acceptance of the FAC is without prejudice either to Plaintiffs, who may seek to further amend, or to Defendants, who

may move to dismiss.

THEREFORE, in accord with the foregoing discussion, it is hereby ORDERED that:

1. Plaintiffs' motion to amend the original complaint is GRANTED.
2. Plaintiffs' original complaint is hereby dismissed and the proposed First Amended Complaint is accepted and is now the operative complaint in this action.
3. Defendants' motion to dismiss the original complaint is hereby DENIED as moot.

IT IS SO ORDERED.

Dated:   April 14, 2011                                                                                                
                                                       CHIEF UNITED STATES DISTRICT JUDGE