**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RICHARD RILEY; PAMELA RILEY; VICTORIA BASSETT,**<br><br>　　　　　**Plaintiff**s,<br><br>　　v.<br><br>**MODESTO IRRIGATION DISTRICT; LOUIS MACEIRA; MODESTO POLICE DEPARTMENT; CITY OF MODESTO, and Does I-C, inclusive,**<br><br>　　　　　**Defendants**. | CV F 10 - 2281 AWI GSA<br><br>**MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**<br><br>Document #'s 27 and 29 |

　　　　This is a civil rights action for damages by plaintiffs Richard Riley, Pamela Riley and Victoria Bassett (collectively "Plaintiffs") against the Modesto Irrigation District ("MID") and individual MID employee Louis Maceira (collectively, the "MID Defendants"), unidentified officers of the Modesto Police Department (collectively the "Police Defendants") and the City of Modesto and the Modesto Police Department (the "Entity Defendants"). In a prior memorandum opinion and order filed on April 15, 2011, (the "April 15 Order") the court granted Plaintiffs' motion for leave to amend and dismissed the MID Defendants' then-pending motion to dismiss as moot. The April 15 Order deemed Plaintiffs' proposed First Amended Complaint, Doc. # 16, the operative complaint as of April 15, 2011. Currently before the court are motions to dismiss Plaintiffs' FAC by both the MID

Defendants and the Police Defendants including both individual and Entity Defendants. For the reasons that follow the motions to dismiss will be granted in part and denied in part.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs' FAC alleges background facts that are essentially unchanged from those alleged in the original complaint. The court's April 15 Order set forth the factual background of this action as alleged in the original complaint as follows:

> For purposes of the motions now before the court, the facts of this case are reasonably straightforward. Plaintiffs reside in a home in Modesto that receives electrical service from MID. On or about December 1, 2009, it came to the attention of MID employees that a larger-than-expected amount of electrical current was being delivered to Plaintiffs' residence and that a substantial amount of the current that was being delivered to the residence was not being metered. There allegedly arose a suspicion on the part of the MID Defendants that current was being "stolen," possibly or presumably for purposes of illegal indoor marijuana cultivation. MID reported the atypical consumption to Modesto Police who placed Plaintiffs' residence under surveillance at MID's "urging and request." Doc. #1 at 5:3. Plaintiffs allege that, although the surveillance revealed no evidence of wrongdoing, MID employee Maceira, on behalf of MID demanded "aggressive action" by Modesto Police Department ("MPD") on the belief that the atypical consumption of electricity at Plaintiffs' residence likely was caused by an indoor marijuana growing enterprise. Plaintiffs allege MID did not inform MPD that the excess consumption of electricity could be caused by faulty equipment, which could easily have been checked.
>
> Plaintiffs allege that MID and MPD jointly decided to conducted a "narcotics raid" on Plaintiffs' residence. The "raid" was conducted pursuant to a search warrant on December 17, 2009. Plaintiffs allege that the only fact set forth to establish probable cause was the fact of larger-than-expected electrical consumption at the residence. Plaintiffs allege that the search was commenced while Plaintiffs Pamela Riley and Victoria Bassett were still asleep. Plaintiffs allege the MPD used essentially "SWAT" tactics; that the door was kicked in, the house ransacked and the two female residents were shackled and held incommunicado during the "raid." No contraband items were found. It was later determined that the excess electrical flow was caused by a malfunction in MID equipment.

Doc. # 26 at 2:2-25.

The most pronounced difference between the original complaint and the FAC is that the FAC gives substantially more attention to allegations connecting MID individual Defendant Louis Maceira ("Maceira") to the decision to search Plaintiffs' residence and to the decision not to investigate the abnormal flow of electrical power at Plaintiffs' residence by

less intrusive means.  In the FAC, Plaintiffs make clear that they lack sufficient information to clearly distinguish the actions of the MID Defendants and the MPD Defendants both with regard to who had authority to characterize the abnormal use of electricity at Plaintiffs' residence as probable cause for suspicion of illegal activity and with regard to the conduct of the search and seizure itself.  Rather, Plaintiff alleges both MID and MPD Defendants were present at the time of the search of the residence and that both sets of Defendant decided to conduct the search and conducted the search as a "joint action effort."  Plaintiff further alleges, albeit somewhat indirectly, that the MID Defendants, particularly Maciera, had a decisional role in determining whether a warranted search should be undertaken and how the search should be conducted.

As was the case with the original complaint, Plaintiff's FAC alleges unlawful search and seizure and conspiracy in the first claim for relief without specifying the legal basis for the claim.  About midway through the first claim for relief, Plaintiffs allege that "MPD and MID violated federal constitutional rights of the [P]laintiffs by conducting a search and seizure of [P]laintiffs' home without probable cause in violation of the Federal Civil Rights Law and specifically section 42 U.S.C. [§] 1983 of that law."  Doc. # 16 at ¶31.  Paragraph 32 of the FAC alleges that the "'Joint Action Effort'" "violated California state constitutional rights of the [P]laintiffs by conducting a search and seizure of claimants' home without probable cause to do so."  Both the MID Defendants and the MPD Defendants, including the Entity Defendants (hereinafter collectively "Defendants") approach Plaintiffs' first claim for relief as though it was alleged pursuant to 42 U.S.C. § 1983.  Plaintiffs' opposition to Defendants' motions to dismiss does not contend there is any other legal basis for the claim nor does Plaintiffs' opposition do anything to further clarify the legal basis of Plaintiff's first claim. For purposes of this analysis, the court will presume that Plaintiff's first claim for relief is alleged pursuant to 42 U.S.C. § 1983.

Plaintiff's second claim for relief alleges assault and battery and false imprisonment,

3

presumably pursuant to California common law. Plaintiff's FAC generally alleges that Plaintiffs have fulfilled the requirements of the California Tort Claims Act and are entitled to proceed with their state law claims.

The MPD Defendants filed their motion to dismiss Plaintiff's FAC on April 19, 2011; the MID Defendants filed their motion to dismiss on May 3, 2011. Plaintiff's opposition to the motion of the MPD Defendants to dismiss was filed on May 5, 2011; and the opposition to the MID Defendants' motion to dismiss was filed on May 27, 2011. The MID Defendants filed their Reply brief on May 11, 2011. Maciera and the MID Defendants filed their reply on June 3, 2011.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly"). While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature. See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct.

4

1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

## DISCUSSION

**I. Motion to Dismiss by City of Modesto and the MPD Defendants**

*A. Claim for Unlawful Search and Seizure – Individual Defendants*

The first portion of the MPD Defendants' motion dismiss focuses on what the court (and apparently the parties) presume is Plaintiff's claim for violation of Plaintiff's rights under the Fourth Amendment pursuant to 42 U.S.C. § 1983.  The keystone of the MPD Defendants' motion to dismiss is their contention that the search of Plaintiffs' residence was conducted pursuant to a warrant and was therefore not unlawful.  Defendants express their contention as follows:

> It is a "basic principle of Fourth Amendment law" that searches and seizures inside a home without a warrant are presumptively unreasonable. (*Payton v. New York*, 445 U.S. 573, 586 (1980). [¶] In the instant case, the officers who executed the search at the [P]laintiffs' residence did so pursuant to a search warrant , a copy of which [P]laintiffs have provided to the court as Exhibit 4 to their FAC.  The moving [D]efendants respectfully request this court take judicial notice of the existence of that warrant, and to find, for purposes of this motion, that said warrant authorized the peace officers in question to enter the [P]laintiffs' residence on the date here in issue for purposes of conducting a search upon probable cause found by a detached California magistrate.

Doc. # 27 at 5:15-22.

Because a copy of the search warrant that was provided by the MPD Defendants at the conclusion of the search of the residence is appended to the FAC, the court may consider the

warrant without taking judicial notice of it.  The court also notes that, based on the allegations set forth in the FAC, there is no question that Defendants conducted the search pursuant to a warrant issued by a presumably detached California magistrate.  Significantly, the MPD Defendants' argument moves directly from the above-quoted paragraph to an argument that the officers complied with "knock and announce" practices, and then to an argument that the detention of Pamela Riley and Victoria Bassett during the search was reasonable.  In the above-quoted paragraph, Defendants skate entirely around the central allegation of Plaintiff's complaint – that the search was conducted without probable cause – noting only in passing that there was a warrant.  While there is no question that the possession of a signed search warrant by police officers removes the presumption of invalidity of the search of a home, the fact that police possessed a warrant at the time of the search does not, in and of itself, render the search unassailable on Fourth Amount grounds.

Although there is "a presumption of validity with respect to the [search warrant] affidavit," a warranted search of a residence may be challenged on the ground the warrant application contains deliberately false or misleading information.  Franks v. Delaware, 438 U.S. 154, 164-171 (1978).  In addition, although "[t]he magistrate making the original determination of probable cause is accorded significant deference by the reviewing court," United States v. Fulbright, 105 F.3d 443, 452 (9th Cir.1996), a warranted search may also be challenged on the ground that the warrant application fails to set forth facts sufficient to establish probable cause.  See Illinois v. Gates, 462 U.S. 213 (1983); United States v. Hendricks, 743 F.2d 653, 654 (9th Cir.1984) (noting a reviewing court's role is to ensure that the judge issuing the search warrant had a "substantial basis" to conclude probable cause existed).  In addition, the warrant application may be challenged on the ground the facts set forth are sufficient to provide a "reasonable nexus" between the activities supporting the finding of probable cause and the place to be searched.  See United States v. Gil, 58 F.3d 1414, 1418-19 (9th Cir. 1995) (holding surveillance showing involvement in drug dealing

provided sufficient nexus to indicate drugs likely to be found in apartment). And finally:

> It is true that "the manner in which a warrant is executed is subject to later judicial review as to its reasonableness." Dalia v. United States, 441 U.S. 238, 258 (1979). Unnecessary destruction of property or use of excessive force can render a search unreasonable. Boyd v. Benton County, 374 F.3d 773, 780 (9th Cir.2004); Liston v. County of Riverside, 120 F.3d 965, 979 (9th Cir.1997). Deciding whether officers' actions were reasonable requires us to balance "the nature and quality of the intrusion on the individual's implausible Amendment interests against the countervailing governmental interests at stake." Graham v. Connor, 490 U.S. 386, 396 (1989) (internal quotation marks omitted).

United States v. Ankeny, 502 F.3d 829, 835 (9th Cir. 2007).

The court concludes Defendants' argument has bypassed the major points of Plaintiffs' claims for unlawful search and seizure; those being whether the search was issued pursuant to an adequate showing of probable cause, whether the search warrant was appropriately narrowed to permit only a search of places that had a reasonable nexus to the facts giving rise to the search, or whether the search was carried out in a reasonable manner given the facts known to the searching authorities at the time. The court has examined the search warrant itself and finds that none of the questions having to do with probable cause or reasonability are answered there. If anything, the examination of the warrant reveals what appears to be a rather generalized fill-in-the-blanks or cut-and-paste document that at first glance seems to direct the search of a surprisingly broad array of places if one assumes that the only fact giving rise to the search was unexpected energy use.

A claimant challenging the constitutionality of a search warrant "must make specific allegations that indicate the portions of the warrant claimed to be false." United States v. Kiser, 716 F.2d 1268,1271 (9th Cir.1983). Where the challenge goes to the validity of the facts in the warrant application that go to probable cause, the "challenged statements in the affidavit must be necessary to a finding of probable cause." Id., at 1271. In this regard it is highly significant that Plaintiffs, in their opposition to Defendants' motion to dismiss, allege that Defendants have refused "to supply Plaintiffs with a full copy of the police report and any supplements or additions/revisions thereto, the search warrant, the affidavits used to

substantiate the request for the search warrant . . . ." Doc. # 31 at 12:22-24.  Thus, the court finds that the allegations that Plaintiffs have made with regard to their claim for unlawful search and seizure is as factually specific as the current state of the facts of this case reasonably allow.  Ultimately, Plaintiffs will be required to state his challenge to the lawfulness of the search of their residence by reference to the facts alleged in the warrant application.  However, until the warrant application and its supporting affidavits are made available through discovery, such factual allegations as Plaintiff has made in the FAC suffice.

In short, the argument of the MPD Defendants for dismissal of Plaintiffs' Fourth Amendment claim fails because Defendants have failed to show they are entitled to the conclusive presumption that the search was reasonable or based on probable cause merely because the officers conducting the search were in possession of a signed warrant.  To the extent Defendants may argue that Plaintiffs' claims of Fourth Amendment infringement are not set forth with the requisite factual particularity, that argument fails because the facts necessary to prove or disprove Plaintiffs' allegations are in possession of Defendants and have not been released to Plaintiffs.  This includes any claims that might be asserted as to individual Defendants that are currently named as "Doe" Defendants because their names are unknown to Plaintiff.  Plaintiff is entitled to discovery as to those facts that bear upon the validity of the search warrant and the identities of the individuals who allegedly infringed Plaintiff's Fourth Amendment Rights.

The starting point for the analysis of whether Plaintiffs' FAC adequately states a claim for infringement of their Fourth Amendment rights is the question of whether the search warrant was issued upon application that was supported by affidavits that truthfully set forth facts to support a finding of probable cause.  Because the documents necessary to make that initial determination are not before the court, the court declines to make any decisions with regard to Defendants' arguments regarding conformance with "knock and announce" procedures or the reasonableness of the detention of the residents during the search.  The motion

of the MPD Defendants to dismiss Plaintiffs' first claim for relief will be denied as to all individual MPD Defendants.

### B. Unlawful Search and Seizure – Entity Liability

The Entity Defendants contend that Plaintiffs' FAC fails to allege facts sufficient to state a claim for relief under 42 U.S.C. § 1983 for violation of Plaintiff's Fourth Amendment Rights against them. As the Entity Defendants correctly note, a municipality, or a subdivision thereof, cannot be held vicariously under section 1983 for the wrongs of their employees. Monell v. New York Dept. of Soc. Servs., 436 U.S. 658 (1978). "A municipality is not liable for the random acts or isolated incidents of unconstitutional action by a non-policymaking employee. [Citations.]" Sepatis, 217 F.Supp.2d at 1005. "Rather, to impose municipal liability for a violation of constitutional rights, a plaintiff must show: (1) that plaintiff was deprived of a constitutional right; (2) that the municipality had a policy; (3) that this policy amounted to deliberate indifference of plaintiff's constitutional rights; and (4) that the policy was the moving force behind the constitutional violation." Id. (citing Plumeau v. Sch. Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

The court agrees that the FAC fails to set forth any facts that tie the acts of the individual Defendants to any policy or practice nor does the FAC allege acts by any person who could be said to have policy-making authority. To the extent Plaintiff's first claim for relief seeks to allege a claim pursuant to 42 U.S.C. § 1983 against the Entity Defendants for violation of Plaintiff's Fourth Amendment rights, that claim will be dismissed.

### C. State Law Claims – False Imprisonment and Assault and Battery

As Defendants point out, false arrest is the non-consensual confinement of a person without lawful privilege. Scofield b. Critical Air Medical, 45 Cal.App.4th 990, 1000 (1996). The MPD Defendants contend that, because the detention or confinement of Plaintiffs Pamela Riley and Victoria Bassett was effectuated pursuant to a warranted search, the confinement was privileged. As discussed above, Plaintiffs' claim for violation of Fourth Amendment

rights turns primarily on the question of whether there was probable cause for issuance of the warrant and whether the warrant was executed reasonably, not on whether there was a warrant. The same is generally true of Plaintiff's claim for false imprisonment. If Plaintiffs' arrest or confinement was without probable cause – a situation that might arise if probable cause was lacking for the warrant – California law does not provide immunity from liability for false arrest for the arresting officer. See Gillan v. City of San Marino, 147 Cal.App.4th 1050-1051 (2nd Dist 2007) (holding Cal. Gov't Code § 820.2 does not provide immunity from liability for false arrest where probable cause was lacking). Because the court lacks facts to find that the search warrant was issued upon a sufficient showing of probable cause as a matter of law, Defendants motion to dismiss Plaintiffs' state law claim for false arrest fails.

Defendants' motion to dismiss Plaintiff's state law claim for assault and battery is likewise based on the contention that the search was warranted and that the application of physical force to confine Pamela Riley and Victoria Bassett was therefore privileged. As above, because Plaintiffs state law claims turn on the currently unresolvable issue of whether an adequate showing of probable cause supported the issuance of the search warrant, Defendants' motion to dismiss Plaintiffs' claim for assault and battery will be denied.

**II. MID Defendants' Motion to Dismiss**

   *A. Motion to Dismiss Plaintiff's Claim for Unlawful Search and Seizure*

The MID Defendants' first argument in support of their motion to dismiss is identical to the MPD Defendants' argument that Plaintiffs suffered no Fourth Amendment violation because the search of the residence was pursuant to a warrant and because the detention of the residents during the search was reasonable under the circumstances. This argument fails for the reasons discussed above; Plaintiffs have adequately alleged that the search warrant was issued without probable cause and Defendants cannot show that the allegation fails as a matter of law. In addition to making the same argument that was made by the MPD Defendants, the MID Defendants contend that Plaintiffs' claim for unlawful search and seizure fails as to them

10

because MID and its personnel are not authorized to take the actions complained of and because Plaintiffs have failed to allege the elements of civil conspiracy as to them. The court disagrees.

As the court previously observed in its April 15 Order, "Suit may be brought against private citizens under section 1983 if a conspiracy is established between them and the state or local officials who clearly acted under color of state law." Gillibeau v. City of Richmond, 417 F.2d 426, 430 (9th Cir. 1969).

> A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" [. . .] and an actual deprivation of constitutional right [. . ..] To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy."

Quezada v. Herrera, 2011 WL 794813 (E.D. Cal. 2011) at *3 (internal citations omitted). In essence, "'[a] civil conspiracy claim operates to extend, beyond the active wrongdoer, liability in tort to actors who have merely assisted, encouraged or planned the wrongdoer's acts.' 16 Am.Jur. 2D Conspiracy § 57 (1998). 'While the essence of the crime of conspiracy is the agreement, the essence of civil conspiracy is damages.' Id. at § 50. The damages result from the tort underlying the conspiracy." Flowers v. Carville, 266 F.Supp.2d 1245, 1249 (D. Nev. 2003). Under California law:

> "The elements of an action for civil conspiracy are the formation and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design.... In such an action the major significance of the conspiracy lies in the fact that it renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or not he was a direct actor and regardless of the degree of his activity. [Citations.]"

Doctors' Co. v. Superior Court, 49 Cal.3d 39, 44, (1989).

MID Defendants' reply brief quotes a portion of the court's April 15 Order that discussed the possibility that Plaintiffs could possibly assert a valid Fourth Amendment claim against them. From the courts' discussion in the April 15 Order the MID Defendants incorrectly aver that they can be held liable under civil conspiracy theory if, and only if,

Plaintiffs can show the existence of a policy, procedure or established practice that resulted in the alleged constitutional violation. See Doc. # 29-1 at 8:13-15 (citing April 15 Order at 5:1-3). MID Defendants appear to have inadvertently conflated the elements of civil conspiracy with the elements of Monell liability. This is perhaps because the court did not clearly subdivide the portion of its discussion that dealt with civil conspiracy from the portion that dealt with entity liability under Monell. In any event, as the law cited above indicates, civil conspiracy theory broadens the scope of liability under section 1983 as well as under state tort law to *individuals* who participate either directly or indirectly in a wrongful act even though the individuals may not have acted under color of law. No authority the court has found indicates that institutional policy or common practice is necessary to impose liability under a theory of civil conspiracy.

In the instant case, Plaintiffs' FAC alleges that the MID Defendants "demanded aggressive action by MPD against the occupants of the Riley residence" Doc. # 16 at ¶ 19, "did not inform MPD that MID could easily check through its in-place system to determine if MID had a defective line at or near the Riley residence," id. at ¶ 20, and engaged with MPD officers in a number of "joint action efforts" that, taken together, resulted in an unreasonable and unlawful search of the residence and seizure of Pamela Riley and Victoria Bassett. Plaintiffs' claim for civil conspiracy does, of course, rest on the ability of Plaintiffs' to show that the search and seizure, being based solely on the observation of more-than-expected electrical consumption, were not conducted upon a showing of probable cause. Assuming that Plaintiffs were to succeed in showing that the search and seizure were unreasonable, the conduct of the search and seizure itself becomes the wrongful act. Plaintiffs allege in their FAC that the MID encouraged (perhaps insisted upon) the search and at least encouraged MPD to seek a warrant by deliberately withholding information that the innocent reason for the search, increased current use, could be easily determined without the intrusion involved in

12

a warranted search.[1]  Thus, Plaintiffs have allege both agreement and acts done by MID in furtherance of the search and seizure that Plaintiffs allege violated their Fourth Amendment rights.  The court finds this is sufficient for pleading purposes given the current state of facts available to Plaintiffs.

To the extent that the MID Defendants contend that they are not liable for any violation of Plaintiffs' Fourth Amendment rights because they did not encourage, authorize, agree to, or participate in, the search of Plaintiffs' residence, that contention is not sufficient to warrant dismissal.  First, under civil conspiracy, only agreement and acts in furtherance of the search and seizure are necessary to extend liability to the MID Defendants.  Second, to the extent the MID Defendants contend that the facts are other than as alleged by Plaintiffs in their FAC, Defendants will need to save any challenge to factual allegation for summary judgment.  For purposes of a motion to dismiss the court accepts facts as pled in the complaint and generally resolves any disputes of facts in the pleader's favor.[2]

The motion to dismiss Plaintiffs' first claim for relief as to the individual MID Defendants will be denied.

### B.  Entity Liability

Plaintiffs' FAC fails to allege there exists any policy or established procedure or

---

[1]   In their reply briefs, both the MPD and MID Defendants cite Hoffman v. Halden, 268 F.2d 280, 292 (9th Cir. 1959) for the proposition that a complaint must allege "purposeful intent" in order state a claim for civil conspiracy under 42 U.S.C. § 1983.  The court notes that Hoffman was overruled expressly and precisely on that proposition in Coen v. Norris, 300 F.2d 24, 29-30 (9th Cir. 1962).  The court presumes Defendants' reliance on Hoffman in this instance is the result of simple oversight, but all parties are cautioned that the court expects any citation to authority will be checked both for accuracy and legal validity.

[2]   The MID Defendants allege in their reply brief that Exhibit 1 to Plaintiffs' opposition to the motion to dismiss alleges that the magistrate issuing the search warrant did so upon a finding of probable cause after reviewing the affidavit of Officer Matthew Spurlock.  The court has reviewed Exhibit 1 to the document Defendants specified – Document # 41 – and can find no reference to any affidavit by an Officer Spurlock.  The court is at a loss to find the allegation that Defendants refer to.  In any event, the court reiterates that Plaintiffs' claim does not turn on whether the reviewing magistrate found probable cause.  As noted above, this court's function is to determine that probable cause existed for the search and that the search was conducted reasonably.  In that determination, deference is given to the magistrate's determination but the reviewing court renders an independent judgment based on all the facts before it.

13

common practice by Merced Irrigation district that resulted in the alleged violation of their rights under the Fourth Amendment against unlawful search and seizure. Thus, Plaintiffs' first claim for relief fails to the extent it is alleged against entity defendant Merced Irrigation District. The legal basis for this conclusion is exactly the same as that discussed *supra* in regard to Plaintiffs' section 1983 claim against the City of Modesto and the Modesto Police Department.

### C. State Law Claims

As discussed above, the viability of Plaintiffs' state law claims for false imprisonment and assault and battery are pegged to Plaintiffs' success in demonstrating that the search and seizure were not supported by an adequate showing of probable cause. As with Plaintiffs' Fourth Amendment Claims, the liability of the MID Defendants as to Plaintiffs' state law claims will likely be based on civil conspiracy theory, if at all. Thus, Plaintiffs' second claim for relief will not be dismissed as to the MID Defendants for the same reason the first claim for relief will not be dismissed; that is, the current state of the record does not permit the court to find that, as a matter of law, Plaintiff has failed to state the elements of a civil conspiracy leading to the acts that resulted in the alleged damages to Plaintiffs.

### III. Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15(a), "leave [to amend pleadings] shall be freely given when justice so requires." The policy favoring amendment is to be applied with "extraordinary liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966); see also League to Save Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977).

The court will dismiss Plaintiffs' Fourth Amendment claims against Modesto

14

Irrigation District and the Entity Defendants because: (1) the court, as well apparently as Defendants, have presumed that Plaintiff's first claim for relief is pursuant to 42 U.S.C. § 1983, which does not provide for vicarious municipal liability, and there is no allegation of constitutional infringement under California law, and (2) Plaintiffs have failed to allege the existence of any facts to support a section 1983 claim under Monell.  Presuming it is Plaintiffs' intent to state a Fourth Amendment claim against the Entity Defendants, the court notes that either of the defects cited could likely be cured by amendment.  The court notes, however, that Plaintiffs' failure to state a Fourth Amendment claim against the Entity Defendants and Modesto Irrigation District in their FAC is primarily the result of ambiguous and therefore sloppy pleading.  The court therefore grants leave to amend with some limitations and with the understanding that the court will be less inclined in any future of iteration of the complaint to resolve remaining ambiguities in Plaintiffs' favor.

With that in mind, the court will grant leave to amend solely for the purpose of incorporating a Fourth Amendment Claim against Modesto Irrigation District and the Entity Defendants into the complaint.  If it is Plaintiffs' intent to state a claim against the entity Defendants under a theory of *respondeat superior*, then Plaintiffs shall explicitly state the state law basis of their claim in a claim that is separate from their claim pursuant to 42 U.S.C. § 1983.  Plaintiffs are also cautioned that should they endeavor to extend their claim under section 1983 pursuant to Monell, the court will not accept bare or conclusory allegations of the existence of policies or established practices that gave rise to their injury.  Some specificity will be required.

THEREFORE, in consideration of the foregoing discussion, it is hereby ORDERED that:

1. The motion of the individual Modesto Police Department Defendants to dismiss Plaintiffs' FAC is DENIED in its entirety.

15

2. The motion of the individual Modesto Irrigation Department Defendants, including defendant Louis Maceira, to dismiss Plaintiffs' FAC is DENIED in its entirety.

3. The motion of the Entity Defendants Modesto Irrigation District, Modesto Police Department and City of Modesto to dismiss Plaintiffs' FAC is GRANTED as to Plaintiffs' first claim for relief pursuant to 42 U.S.C. § 1983 and is DENIED as to Plaintiffs' second claims for relief under California Law.

4. Leave to amend is GRANTED to the limited extent discussed above. Any amended complaint shall be filed and served not later than twenty-one (21) days from the date of service of this order.

IT IS SO ORDERED.

Dated:  July 23, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE