**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD RILEY; PAMELA RILEY; VICTORIA BASSETT,<br><br>    Plaintiffs,<br><br>    v.<br><br>MODESTO IRRIGATION DISTRICT; LOUIS MACEIRA; MODESTO POLICE DEPARTMENT; CITY OF MODESTO; and DOES 1 through 20, inclusive<br><br>    Defendants. | 1:10-cv-02281-AWI-GSA<br><br>ORDER RE: MOTIONS TO DISMISS<br><br>(Docs. 50 and 53) |

## I. INTRODUCTION

Defendants City of Modesto and Modesto Police Department have filed a motion to dismiss the second amended complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Modesto Irrigation District has filed a motion to dismiss the first cause of action in the second amended complaint pursuant to Rule 12(b)(6). For reasons discussed below, City of Modesto's and Modesto Police Department's motion to dismiss shall be granted in part and denied in part; Modesto Irrigation District's motion to dismiss shall be granted.

## II. FACTS AND PROCEDURAL BACKGROUND[1]

On August 12, 2011, plaintiffs Richard Riley, Pamela Riley and Victoria Bassett ("Plaintiffs") filed their second amended complaint (SAC) against defendants Modesto Irrigation District ("District"), Louis Maceira ("Maceira"), Modesto Police Department ("Department"), City of Modesto ("City") and Does 1 through 20, inclusive, asserting (1) a federal civil rights claim pursuant to 42 U.S.C. § 1983 for violation of the Fourth Amendment right against unreasonable searches and seizures and (2) state law claims for assault, battery and false imprisonment.

On August 18, 2011, City and Department filed a motion to dismiss both the section 1983 and state law claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  On August 29, 2011, District filed a motion to dismiss only the section 1983 claim pursuant to Rule 12(b)(6).  On September 20, 2011, Plaintiffs filed their opposition to the motions to dismiss.  On September 30, 2011, District filed its reply to Plaintiffs' opposition.

## III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility," and thus survives a motion to dismiss, "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009).  On a motion to dismiss, the court

---

[1] The Court refers the parties to the memorandum opinion and order issued July 23, 2011 and filed July 25, 2011 (*Riley v. Modesto Irr. Dist.,* slip copy, 2011 WL 3101796 (E.D.Cal. 2011)) for a complete chronology of the proceedings.

accepts all material facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005). However, the court is not required to accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact or unreasonable inferences. *Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

## IV. DISCUSSION

***A. City's and Department's motion to dismiss*** – As a threshold matter, City and Department contend the SAC fails to allege facts sufficient to state a claim for relief pursuant to 42 U.S.C. § 1983 because Plaintiff has not identified any individual employee of City or Department as a named defendant. City and Department have provided no authority – and the Court's research reveals no authority – to support this proposition. "As a general rule, the use of 'John Doe' to identify a defendant is not favored. [Citation.] However, situations arise . . . where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the known defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. [Citations.]" *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980); see *Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie, supra,* at p. 642).

In *Gillespie*, a pro se plaintiff brought a prisoner civil rights action against United States Marshals and various prison officials, some of whom were identified only as Doe defendants. *Gillespie, supra,* 629 F.2d at 639. The plaintiff then sought to discover the identities and addresses of the unnamed defendants from the named defendants through written interrogatories. *Id.* at 642-

43. The district court dismissed the complaint without ordering interrogatory responses, and the Ninth Circuit reversed: "The district court abused its discretion in not permitting the discovery sought by the [plaintiff] and the court's subsequent dismissal of the complaint was error. It was very likely that the answers to the interrogatories would have disclosed the identities of the 'John Doe' defendants. With those disclosures, the allegations contained in [plaintiff's] complaint, if proven, could possibly have provided bases for relief on [plaintiff's] Bivens [*v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)]-type actions against the unnamed United States Marshals, and the unnamed federal superintendents and guards; s 1983(3) claims against the unnamed United States Marshals and unnamed federal superintendents and guards; and s 1983 claims against the unnamed local superintendents and guards." *Id*. at 643.

In this case, nothing suggests Plaintiffs knew the identities of the Doe defendants – who are alleged to have been the "the agent[s], servant[s], employee[s], joint-venture[rs] and/or co-partner[s]" of the named defendants, including City and Department – prior to filing the SAC. Furthermore, plaintiffs Pamela Riley and Victoria Bassett are alleged to have been asleep at the time Department officers entered the Riley residence to conduct their search, and were thereafter detained "on the floor . . . , and then in the back of police vehicles for several hours[.]" This suggests it would be difficult, if not impossible, for Plaintiffs to identify those individuals directly involved in the search without discovery. Plaintiffs have represented in their opposing papers that they intend to uncover the identities of the Doe defendants through discovery requests. Under *Gillespie,* Plaintiffs must be given an opportunity to do so, unless it is clear discovery would not uncover the identities (of which there is no indication) or that the complaint would be dismissed on other grounds.

This brings the Court to City's and Department's second argument. Citing *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), City and Department further contend the section 1983 claim should be dismissed because Plaintiffs have failed to articulate a cognizable theory of public entity liability. Section 1983 does not impose liability on a public entity for the misconduct of its employees under respondeat superior

4

principles. *Monell, supra,* at p. 691. Instead, an entity may be held liable for a constitutional violation pursuant to that statute where the act "alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or when the injury was inflicted by the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Id*. at 690-91, 694.  Alternatively, "an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a [public entity] to liability on the theory that the relevant practice is so widespread as to have the force of law." *Board of County Com'rs of Bryan County, Okl. v. Brown,* 520 U.S. 397, 404, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997) (citing *Monell, supra,* at p. 690-91). An entity is not liable simply because its employees deprived a plaintiff of his or her constitutional rights; the plaintiff must show the entity's policies or customs caused the deprivation. *Monell, supra,* at p. 692.

In its July 23, 2011 memorandum opinion and order granting City's and Department's motion to dismiss the section 1983 claim in Plaintiffs' first amended complaint (FAC) with leave to amend, the Court concluded the FAC "fail[ed] to set forth any facts that tie the acts of the individual Defendants to any policy or practice" or "allege acts by any person who could be said to have policy-making authority." *Riley, supra,* 2011 WL 3101796 at *6.  Having reviewed the SAC, the Court finds Plaintiffs have failed to rectify these deficiencies by alleging facts sufficient to allow the Court to draw the reasonable inference City or Department maintained a policy, practice or custom that caused the individual defendants' alleged violation of Plaintiffs' Fourth Amendment rights. Indeed, there is no reference in the SAC to any policy or custom of the defendants other than the conclusory allegation "Defendants, and each of them, acted under 'color of law' via the statutes, customs, ordinances, and usage of the State of California, the [City of Modesto] and the [Modesto Police Department]." This allegation is insufficient to meet Plaintiffs' burden under *Iqbal*.

In their opposition, Plaintiffs concede they have failed to allege facts sufficient to state a section 1983 claim against City and Department in accordance with the requirements for public

5

entity liability under *Monell,* but contend they can amend the pleadings to state a claim if they are allowed to complete discovery on the defendants' policies and procedures in existence on the day of the alleged search.  Plaintiffs further assert the defendants have refused to provide them with a copy of the police report generated from the search, and that they expect the defendants will be required to produce the report in the course of discovery.  Problematically for Plaintiffs, litigants are not permitted to "unlock the doors of discovery . . . armed with nothing more than conclusions" (*Iqbal, supra,* 129 S.Ct. at 1950); "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly, supra,* 550 U.S. at 555); see *Dougherty v. City of Covina,* 654 F.3d 892, 900 (9th Cir. 2011).  Because Plaintiffs have not alleged facts from which *Monell* liability could plausibly be inferred by the Court, City's and Department's motion to dismiss the section 1983 claim must be granted.  Given this is already Plaintiffs' second amended complaint (and third complaint overall), leave to amend shall be denied. See *Miller v. Yokohama Tire Corp.,* 358 F.3d 616, 622 (9th Cir. 2004).

      Lastly, City and Department contend that if the Court grants their motion to dismiss the section 1983 claim, it should decline to exercise supplemental jurisdiction over the state law claims for assault, battery and false imprisonment and order their dismissal.  "[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims." *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514, 126 S.Ct. 1235, 1245, 163 L.Ed.2d 1097 (2006); see 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if -- [¶] . . . [¶] (3) the district court has dismissed all claims over which it has original jurisdiction"). A court may decline to do so if it finds the balance of factors to be considered under the doctrine of supplemental jurisdiction – "judicial economy, convenience, fairness, and comity" – do not favor retaining jurisdiction over the state law claims after the dismissal of the federal claims. *Sanford v. Memberworks, Inc.,* 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (internal quotations omitted)). But

6

in this case, the Court has not disposed of "all claims over which it has original jurisdiction": while it has granted City's and Department's motion to dismiss the section 1983 claim, the claim remains, at a minimum, against the individual defendants. As a result, section 1367(c)(3) does not apply.

In its July 23, 2011 memorandum opinion and order, the Court denied City's and Department's motion to dismiss the state law claims in the FAC, finding in part that the claim for false imprisonment turned "primarily on the question of whether there was probable cause for issuance of [a search] warrant and whether the warrant was executed reasonably, not on whether there was a warrant," as the defendants had contended. *Riley, supra,* 2011 WL 3101796 at *6. The Court concluded that because there were insufficient facts, at least at the pleading stage, to determine whether the subject warrant was issued upon a sufficient showing of probable cause as a matter of law, the defendants' motion to dismiss the false imprisonment cause of action was not well taken. *Id*. The Court further concluded the claims for assault and battery likewise hinged on the issue of whether the issuance of the warrant was supported by an adequate showing of probable cause, and therefore survived the motion to dismiss. *Id*. at *7. In other words, the Court essentially found the state law causes of action had alleged facts sufficient to state a plausible claim to relief.

That the section 1983 claim will now be dismissed against City and Department does not provide a basis for dismissal of the assault, battery and false imprisonment claims as to those defendants irrespective of the Court's previous findings where, as here, those claims have also been asserted against individual defendants who are alleged to have been the entity defendants' employees. In contrast to section 1983 (which, as noted above, does not impose vicarious liability on public entities for their employees' constitutional deprivations), California's Government Tort Claims Act *does* impose vicarious liability on public entities for the *tortious* conduct of their employees committed within the scope of employment. *See* Cal. Gov. Code, § 815.2, subd. (a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would . . . have given rise to a cause of action against that employee or his personal representative"). Therefore, notwithstanding

the fact the Court already found in its prior order that Plaintiffs' assault, battery and false imprisonment causes of action stated a claim, the fact those causes of action remain operative against the individual defendants means City and Department are potentially liable under section 815.2(a). Accordingly, City's and Department's motion to dismiss the state law claims must be denied.

***B. District's motion to dismiss*** – District moves to dismiss only the section 1983 claim for unreasonable search and seizure, contending the SAC fails to allege facts sufficient to establish public entity liability under *Monell*. In its July 23, 2011 memorandum opinion and order granting District's motion to dismiss the section 1983 claim in the FAC with leave to amend, the Court found Plaintiffs had failed to allege the existence of "any policy or established procedure or common practice by [District] that resulted in the alleged violation of their rights under the Fourth Amendment against unlawful search and seizure." *Riley, supra,* 2011 WL 3101796 at *9. The Court finds Plaintiffs have failed to rectify this defect in the SAC. Accordingly, consistent with its analysis of City's and Department's motion to dismiss the section 1983 claim above, the Court grants District's motion to dismiss the section 1983 claim without leave to amend.

## V. DISPOSITION

Based on the foregoing, the motion of defendants City of Modesto and Modesto Police Department to dismiss is GRANTED without leave to amend as to the first claim for relief pursuant to 42 U.S.C. § 1983 and DENIED as to the second claim for assault, battery and false imprisonment. The motion of defendant Modesto Irrigation District to dismiss the first claim for relief pursuant to 42 U.S.C. § 1983 is GRANTED without leave to amend.

IT IS SO ORDERED.

Dated:    November 17, 2011                                              _____
                                                                          CHIEF UNITED STATES DISTRICT JUDGE

8